UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC ZACHARY ANDERSON,

Plaintiff,

v.

TIM VIRGA, et al.,

Defendants.

No.  2:15-cv-1148-KJM-EFB P

ORDER GRANTING IFP AND DISMISSING
COMPLAINT WITH LEAVE TO AMEND
PURSUANT TO 28 U.S.C. § 1915A

Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983.  He has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 and requests appointment of counsel.

**I.     Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).  Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.    Request for Appointment of Counsel**

Plaintiff requests that the court appoint counsel.  District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney

1

to voluntarily represent such a plaintiff.  *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  Having considered those factors, the court finds there are no exceptional circumstances in this case.

### III.     Screening Requirement and Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).  While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

/////

2

1    Furthermore, a claim upon which the court can grant relief must have facial plausibility.

2    *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

3    content that allows the court to draw the reasonable inference that the defendant is liable for the

4    misconduct alleged."  *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a

5    claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

6    *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the

7    plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

8    **IV.    Screening Order**

9    The court has reviewed plaintiff's complaint (ECF No. 1) pursuant to § 1915A and finds

10   that it must be dismissed with leave to amend for failure to state a claim.  Plaintiff alleges that on

11   January 18, 2013, he was deemed a safety threat and placed into administrative segregation.

12   Plaintiff claims that all the named defendants – Warden Virga, Eldridge, Meier, Whitted,

13   Viasenor, Riley, Roe, Todd, and Roth – attempted to place plaintiff on the "integrated yard," even

14   though he was supposed to remain segregated.   He claims that on October 13, all of the

15   defendants "conspired to disregard said directives to ensure the safety and security of the

16   institution . . . and sent [plaintiff] . . . out of segregation to the group yard where [plaintiff] was a

17   victim of a stabbing by two men with two knives approx. 15 times."  ECF No. 1, § III.  Plaintiff

18   does not identify any claims for relief in the complaint.  Under the standards governing claims

19   based on failure to protect in violation of the Eighth Amendment, discussed below, the allegations

20   fail to state a cognizable claim.  To proceed, plaintiff must file an amended complaint.

21   To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal

22   constitutional or statutory right; and (2) that the violation was committed by a person acting under

23   the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d

24   930, 934 (9th Cir. 2002).

25   An individual defendant is not liable on a civil rights claim unless the facts establish the

26   defendant's personal involvement in the constitutional deprivation or a causal connection between

27   the defendant's wrongful conduct and the alleged constitutional deprivation.  *See Hansen v.*

28   *Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

3

Under the Eighth Amendment, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal quotation marks, ellipsis, and citation omitted). However, "not . . . every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. A prison official may be held liable for an assault suffered by one inmate at the hands of another only where the assaulted inmate can show that the injury is sufficiently serious, *id.* at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and that the prison official was deliberately indifferent to the risk of harm, *id.* at 837. Thus, the relevant inquiry is whether prison officials, "acting with deliberate indifference, exposed a prisoner to a sufficiently substantial risk of serious damage to his future health." *Id.* at 834 (internal quotation omitted).

Here, the nature of plaintiff's complaint is unclear. He says he was place in administrative segregation pursuant to a determination that he was "a threat to the safety of the institution and others." He then asserts that he had several "run ins" with Sgt. Whitted while in segregation. He adds that although a Lieutenant stated plaintiff was to remain in segregation, Whitted and other staff attempted to put plaintiff back on the integrated yard but "higher ups" said that he was to remain in segregation. However, he claims that "all listed CSP SAC staff conspired to disregard said directives to ensure the safety and security of the institution and others[,] myself included." He says he was sent out of segregation to a group yard and was stabbed multiple times by two men with knives. Although it is apparent that plaintiff blames "staff" for the stabbing, he does not specify which defendant engaged in which specific act that allegedly caused plaintiff to be a victim of a stabbing. He does not allege why the defendants chose to send him to the group yard. He also does not allege whether each defendant was aware of any risk of harm in sending plaintiff to the group yard, and if they were so aware, what that risk entailed. Plaintiff's allegations are too vague and conclusory to support a plausible claim for relief. Plaintiff must allege the specific act or omission of each defendant that caused a violation of his federal rights. He must also allege facts showing that the specific act or omission was done with deliberate indifference to a substantial risk of serious damage to his health.

4

1    Plaintiff may not sue any official on the theory that the official is liable for the

2    unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948

3    (2009).  Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must

4    plead that each Government-official defendant, through the official's own individual actions, has

5    violated the Constitution." *Id.*

6    Plaintiff will be granted leave to file an amended complaint, if plaintiff can allege a

7    cognizable legal theory against a proper defendant and sufficient facts in support of that

8    cognizable legal theory.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

9    (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in

10   their complaints).  Should plaintiff choose to file an amended complaint, the amended complaint

11   shall clearly set forth the claims and allegations against each defendant.

12   Any amended complaint must not exceed the scope of this order and may not add new,

13   unrelated claims.  Further, any amended complaint must cure the deficiencies identified above

14   and also adhere to the following requirements:

15   Any amended complaint must identify as a defendant only persons who personally

16   participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v.*

17   *Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a

18   constitutional right if he does an act, participates in another's act or omits to perform an act he is

19   legally required to do that causes the alleged deprivation).   It must also contain a caption

20   including the names of all defendants.  Fed. R. Civ. P. 10(a).

21   Any amended complaint must be written or typed so that it so that it is complete in itself

22   without reference to any earlier filed complaint.  L.R. 220.  This is because an amended

23   complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

24   earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114

25   F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

26   being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

27   1967)).

28   /////

Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* Local Rule 110.

**V.   Summary of Order**

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's request to proceed in forma pauperis (ECF Nos. 2, 6, 14) is granted.

2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's request for appointment of counsel (ECF No. 3) is denied without prejudice.

4.  The complaint is dismissed with leave to amend within 30 days.  The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint."  Failure to comply with this order will result in this action being dismissed for failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

DATED:  January 27, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

6