UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC ANDERSON,<br><br>        Plaintiff,<br><br>   v.<br><br>TIM VIRGA, et al.,<br><br>        Defendants. | No. 2:15-cv-1148-KJM-EFB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He has filed a combined motion to extend the discovery deadline and motion to compel. ECF No. 62. For the reasons stated below, the motion is granted.

### Background

In its scheduling order, the court directed the parties that all requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34, or 36 were to be served no later than June 30, 2017. ECF No. 44 at 4. The court noted that requests to modify the scheduling order would be looked upon with disfavor and must be supported by good cause pursuant to Fed. R. Civ. P. 16(b). *Id.* at 5.

/////
/////
/////
/////

1

On August 29, 2017, defendants Boe, Meier, and Riley[1] moved for an order modifying the scheduling order. ECF No. 60. Defendants requested a sixty-day extension of the deadline to conduct discovery and file motions to compel and a sixty-day extension to the dispositive motion deadline. *Id.* at 1-2. They argued that this extension was warranted because plaintiff's mental health treatment precluded his timely deposition. *Id.* at 1. Defendants also noted that plaintiff had incorrectly served responses to their discovery on the court and needed a new copy of defendants' discovery requests. *Id.* at 1-2. The motion explicitly noted that it did not request a modification of the June 30, 2017 deadline to serve discovery requests. *Id.* at 1. The court granted defendants' motion on August 30, 2017. ECF No. 61.

On August 25, 2017, defendants' counsel received plaintiff's first set of interrogatories and first set of requests for production. ECF No. 62 at 4. Defendants advised plaintiff that they would not respond to those requests insofar as they were submitted well past the June 30 deadline. *Id.* at 4-5.

In his motion, plaintiff raises two arguments as to why the scheduling order should be modified and his requests deemed timely. He argues that he was transported to a new prison during the period discovery was to take place and was without his property. *Id.* at 1. Plaintiff also claims that he misunderstood the aforementioned modification of the scheduling order and believed that the time for serving discovery requests had also been extended. *Id.* at 1-2.

## Analysis

The court finds that the circumstances of this case warrant making an allowance for the tardy service of plaintiff's discovery requests. As noted above, plaintiff states that circumstances beyond his control, namely his transfer to a different prison and separation from his property, interfered with his ability to timely serve his requests. *Id.* at 1. Although plaintiff should have filed an earlier motion for extension of that deadline, the Ninth Circuit has cautioned that "strict time limits . . . ought not to be insisted upon where restraints resulting from a pro se prisoner

---

[1] The court's scheduling order applied only to these defendants. Defendant Villasenor has not filed an answer to plaintiff's complaint. Findings and recommendation recommending his motion to dismiss be denied have been issued. ECF No. 56. Those recommendations are pending before the district judge.

plaintiff's incarceration prevent timely compliance with court deadlines." *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987) (internal quotation marks omitted) (citing *Tarantino v. Eggers*, 380 F.2d 465, 468 (9th Cir. 1967)). The court finds this logic particularly compelling in the instant case where, if plaintiff's motion is not granted, he would be precluded from serving any discovery requests whatsoever. And allowing plaintiff to pursue his discovery requests may facilitate resolution of this action insofar as "[a]n important purpose of discovery is to reveal what evidence the opposing party has, thereby helping determine which facts are undisputed--perhaps paving the way for a summary judgment motion--and which facts must be resolved at trial." *Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1117 (9th Cir. 2004).

## Conclusion

Based on the foregoing, it is ORDERED that plaintiff's motion to extend the discovery deadline (ECF No. 62) is GRANTED. The record indicates that defendants have already been served with plaintiff's first set of interrogatories, first set of requests for production, and requests for admissions. *Id.* at 4. Thus, defendants shall respond to these discovery requests within thirty days of the date this order is filed. Plaintiff's motion to compel based on those requests, if any, must be filed within thirty days of his receipt of defendants' responses. Finally, given this modification to the scheduling order, the court will be receptive to requests from either party to extend the dispositive motion deadline.

DATED: November 14, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE