UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC ZACHARY ANDERSON, | No. 2:15-cv-1148-KJM-EFB P |
| Plaintiff, | |
| v. | ORDER |
| TIM VIRGA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983, alleging violations of his Eighth Amendment rights. As relevant here, plaintiff alleges defendant Correctional Officer Villasenor used excessive force against him. Defendant Villasenor has moved to dismiss the claim as non-cognizable and on the ground of qualified immunity. ECF No. 50. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 27, 2017, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Neither party has filed objections to the findings and recommendations.

The court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo.

1

*See Britt v. Simi Valley Unified School Dist.,* 708 F.2d 452, 454 (9th Cir. 1983). Having reviewed the file, the court finds the findings and recommendations to be supported by the record. The court writes separately to clarify a portion of the magistrate judge's qualified immunity analysis.

In recommending the denial of defendant Villasenor's qualified immunity defense, the magistrate judge determined the legal standards governing defendant Villasenor's conduct here were "clearly established" at the relevant time. ECF No. 56 at 10. In so doing, the magistrate judge relied on an unpublished opinion of the United States Court of Appeals for the Ninth Circuit, *Estate of Adams v. Gomez*, No. 96-16423, 1998 WL 4079, at *3 (9th Cir. 1998). *See id*. It is unclear whether, consistent with Ninth Circuit Rule 36-3, this court may cite to this unpublished Ninth Circuit opinion or rely on it as precedent.[1] The magistrate judge correctly noted several Ninth Circuit cases that have held that unpublished circuit and district court decisions "inform" whether the "unpublished decisions can be considered in determining whether the law was clearly established" for purposes of qualified immunity. *Bahrampour v. Lampert*, 356 F.3d 969, 977 (9th Cir. 2004) (cited in ECF No. 56 at 9, also citing *Krug v. Lutz*, 329 F.3d 692, 699 (9th Cir. 2003)). *Krug* cited to unpublished decisions of the Ninth Circuit in this context, *see Krug*, 329 F.3d at 699, and the Ninth Circuit has taken the position that unpublished

---

[1] Ninth Circuit Rule 36-3 governs citation of unpublished dispositions or orders of that court and provides:
(a) Not Precedent. Unpublished dispositions and orders of this Court are not precedent, except when relevant under the doctrine of law of the case or rules of claim preclusion or issue preclusion.
(b) Citation of Unpublished Dispositions and Orders Issued on or After January 1, 2007. Unpublished dispositions and orders of this Court issued on or after January 1, 2007 may be cited to the courts of this circuit in accordance with FRAP 32.1.
(c) Citation of Unpublished Dispositions and Orders Issued Before January 1, 2007. Unpublished dispositions and orders of this Court issued before January 1, 2007 may not be cited to the courts of this circuit, except in the following circumstances.
    (i) They may be cited to this Court or to or by any other court in this circuit when relevant under the doctrine of law of the case or rules of claim preclusion or issue preclusion.
    (ii) They may be cited to this Court or by any other courts in this circuit for factual purposes, such as to show double jeopardy, sanctionable conduct, notice, entitlement to attorneys' fees, or the existence of a related case.
    (iii) They may be cited to this Court in a request to publish a disposition or order made pursuant to Circuit Rule 36-4, or in a petition for panel rehearing or rehearing en banc, in order to demonstrate the existence of a conflict among opinions, dispositions, or orders.

decisions can form the basis of established law after the 2007 amendment to Ninth Circuit Rule 36-3. *See Hopkins v. Bonvicino*, 573 F.3d 752, 775-76 (9th Cir. 2009) (citing but not applying one unpublished Ninth Circuit decision and one unpublished district court decision to the question of whether the law was "clearly established" for qualified immunity purposes because both cases were decided after conduct at issue). Given the apparent conflict between the rule announced in the cases and Ninth Circuit Rule 36-3, in an abundance of caution the court writes separately to address the qualified immunity defense raised by defendant Villasenor.

For clarity, in section III B of the findings and recommendations, ECF No. 56, the court fully adopts the standards set out at page 8, lines 21-28 and the analysis beginning with the first full sentence on page 10, line 12 through page 11, line 14. The court replaces the standards and analysis set forth from page 9, line 1 through the sentence that ends on page 10, line 12, as follows:

A right is "clearly established," if under case law existing at the time of the conduct at issue, a reasonable official would have understood that what he is doing violates that right. *Mullenix v. Luna*, 136 S.Ct. 305, 308 (2015). While "officials can still be on notice that their conduct violates established law even in novel factual circumstances," *Hope v. Pelzer*, 536 U.S. 730, 741 (2002), "existing precedent must have placed the statutory or constitutional question beyond debate," *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). In making its decision, a court typically should "'identify a case where an officer acting under similar circumstances as [the defendant] was held to have violated'" the constitutional right at issue. *S.B. v. Cty. Of San Diego*, 864 F.3d 1010, 1015 (9th Cir. 2017) (quoting *White v. Pauly*, 137 S.Ct. 548, 552 (2017)). Even where no case is "directly on point," courts may compare relevant factors to determine whether every reasonable officer should have known the conduct in question was unlawful. *Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938, 946-47 (9th Cir. 2017) (citation and quotation marks omitted).

Moreover, "a right does not become clearly established only if a plaintiff has successfully enforced it through a § 1983 action." *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 398-99 (4th Cir. 2014) (citing *Hope*, 536 U.S. at 741). Rather, a right may be clearly

3

established by a range of sources, as long as those sources define the established law. *See, e.g.*, *Hope*, 536 U.S. at 741 ("Arguably, the violation was so obvious that our own Eighth Amendment cases gave respondents fair warning that their conduct violated the Constitution."); *Collier v. Dickinson*, 477 F.3d 1306, 1312 (11th Cir. 2007) (statute showed right was clearly established).

In excessive force cases, general Eighth Amendment standards provide a "starting point," *Isayeva*, 872 F.3d at 947, but the court should go on to reference specific facts showing whether the unlawfulness of the particular conduct is clearly established, *Mullenix*, 136 S. Ct. at 308 (citation omitted). In cases where the conduct is obviously unlawful, however, courts do not require a "'case on all fours prohibiting that particular manifestation of unconstitutional conduct[,]'" as such a requirement would permit officers to "'escape responsibility for the most egregious forms of conduct[.]'" *Hughes v. Kisela*, 862 F.3d 775, 783 (9th Cir. 2016) (quoting *Deorle v. Rutherford*, 272 F.3d 1272, 1286 (9th Cir. 2001)).

Since 1986, it has been clearly established that the Eighth Amendment is violated "[w]hen prison officials maliciously and sadistically use force to cause harm, . . . ." *Hudson v. McMillian*, 503 U.S. 1, 9 (citing *Whitley v. Albers*, 475 U.S. 312, 327 (1986)). As the magistrate judge correctly finds,

> [h]ere, it was clearly established by November 11, 2013 that Villasenor's force was excessive. For starters, taking plaintiff's factual allegations in the most favorable light, common sense says that Villasenor used excessive force. After all, plaintiff alleges that Villasenor harbored animosity toward him, taunted and swore at him, stood by idly when other inmates stabbed him, and shot him after the attack was over "for good measure," aiming for his head.

ECF No. 56 at 9. This description of events, if proved, would show there was no need for force when defendant Villasenor shot the block gun at plaintiff: the disturbance was over and Villasenor could no longer reasonably perceive plaintiff as a threat, he made no effort to temper his use of force, and he taunted plaintiff and failed to intervene while plaintiff was being stabbed, arguably evincing a "malicious" mindset. *Cf. Hudson*, 503 U.S. at 7 (citing factors to be considered in analyzing whether a particular "use of force was wanton and unnecessary). If plaintiff's version of events is true, which the court must presume at the pleading stage, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), it would have been clear to a reasonable

4

correctional officer in defendant Villasenor's position in 2013 that shooting a block gun at plaintiff under the circumstances alleged violated the Eighth Amendment.  *Cf. Hudson*, 503 U.S. at 7 (citing factors to be considered in analyzing whether a particular "use of force was wanton and unnecessary).

Accordingly, IT IS HEREBY ORDERED that:

1.  The findings and recommendations filed July 27, 2017, are adopted except as modified by this order; and

2.  Defendant Villasenor's motion to dismiss (ECF No. 50) is denied.

DATED:  March 30, 2018.

_____
UNITED STATES DISTRICT JUDGE