UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC ZACHARY ANDERSON,<br><br>            Plaintiff,<br><br>    v.<br><br>TIM VIRGA, *et al.*,<br><br>            Defendants. | Case No.  2:15-cv-01148-KJM-JDP (PC)<br><br>FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION BE DENIED<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS<br><br>ECF No. 149 |

    Plaintiff, a state prisoner proceeding without counsel, commenced this action against defendant Villasenor, alleging that defendant violated his Eighth Amendment rights by using excessive force. ECF Nos. 23, 26.[1] In August 2020, the court held a supervised settlement conference, at which the parties reached a settlement agreement. ECF No. 139. After the parties filed a stipulation of dismissal, the court dismissed this action with prejudice. ECF Nos. 144, 145. Notwithstanding the dismissal of this action, plaintiff has now filed a motion for injunctive relief that alleges that Eric Sanchez, who was not a party to this case, arranged for plaintiff's transfer to a different prison and ignored his single cell status in retaliation for plaintiff seeking

---

[1] The first amended complaint also alleged claims against three other defendants, ECF No. 23, but plaintiff voluntarily dismissed his claims against those defendants, ECF Nos. 122, 124.

1

his settlement money.² ECF No. 149 at 1.  Plaintiff seeks an order enjoining Sanchez from (1) transferring plaintiff to another prison and (2) housing plaintiff in a cell with other inmates.

Plaintiff's motion must be denied.  As a threshold matter, plaintiff's claims have all been dismissed, foreclosing the court from granting him the relief that he seeks.  *See Sherman v. City of Davis*, No. CIV S-04-2320-LKK-EFB (PS), 2008 WL 1899926, at *2 (E.D. Cal. Apr. 25, 2008) (noting that a plaintiff cannot seek an injunction on a closed case).  Furthermore, plaintiff's motion seeks relief that has no relation to the claims that were raised in this case.  A motion for preliminary injunction must relate to the allegations in the complaint.  *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").

For these reasons, it is hereby RECOMMENDED that plaintiff's motion for preliminary injunction, ECF No. 149, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days of being served with these findings and recommendations, any party may file written objections with the court, serving a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

---

² Plaintiff claims that Eric Sanchez is a correctional counselor at California State Prison-Sacramento.  ECF No. 149 at 1-2.

IT IS SO ORDERED.

Dated:   October 18, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE